UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN WITHROW | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 cv 9141 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| MARIO REYES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brian Withrow filed his second amended complaint against Defendant Mario Reyes pursuant to 42 U.S.C. § 1983 alleging Reyes held and screened pretrial detainees' mail to Northwestern Law School's Bluhm Legal Clinic ("Clinic"). Before the Court is Reyes' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the following reasons, the Court grants the motion.

*Background*

Withrow was a pretrial detainee at Cook County Jail ("CCJ") during the relevant time period. (Dkt. 45 at ¶ 2.) On or around October or November 2013, unknown individual detainees informed Withrow of a notice posted outside the office of Lieutenant Johnson, a lieutenant in Division 10 of CCJ. (*Id.* ¶ 5.) The notice at issue indicated that certain mail should be forwarded to Superintendent Reyes' office for additional screening. (*Id.* ¶ 12.) Withrow alleges that the notice indicated that all outgoing mail to the Clinic was to be held and forwarded to Superintendent Reyes' office. (*Id.* ¶ 13.) Superintendent Reyes alleges that the notice was posted to security staff directing that all incoming mail from the Clinic was to be forwarded to his office for additional screening. (*Id.*) Neither party has a copy of the notice. (*Id.* ¶¶ 31-32.)

1

CCJ has a grievance procedure that was in effect and available to all detainees during the relevant time period. (Dkt. 45 at ¶ 56.) Filing a grievance and an appeal of the grievance was required to exhaust administrative remedies under CCJ's grievance procedure. (*Id.* ¶ 57.) Withrow was familiar with and utilized the grievance process at CCJ. (*Id.* ¶ 46.) Grievance and request forms were available for Withrow to utilize. He filed a request in July 2013 asking about the screening of incoming mail, noting that some incoming mail was delayed. (*Id.* ¶¶ 50-52.) After he received a response to his request, Withrow did not resubmit the request as a grievance. He eventually received all of his mail. Withrow did not file any grievances regarding the alleged practice of holding mail that was being sent to the Clinic based on the posted notice because he was afraid the notice would then be taken down. (*Id.* ¶ 45.) Withrow did not file a grievance regarding any notice or memo to hold outgoing detainee mail and was not prevented from doing so. (*Id.* ¶ 49.) Withrow filed his second amended complaint contending that Reyes violated his First Amendment rights by holding and screening his mail to the Clinic. (Dkt. 16)

Following discovery, Reyes filed the instant motion for summary judgment contending, first, that Withrow failed to exhaust his administrative remedies. Reyes next contends that Withrow's claims are unsupported by any genuine, triable issues of material fact, Reyes' policy of holding and screening incoming mail from the Clinic was constitutional, and finally, Withrow should be assessed a "strike" because his claim is frivolous.

*Legal Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the

nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson*, 477 U.S. at 255 (quotation omitted).

Local Rule 56.1(a)(3) requires the moving party to provide a statement setting forth the material facts which the moving party contends there is no genuine issue. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). The opposing party must then file a response to each numbered paragraph in the moving party's statement, including, "in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. L.R. 56.1(b)(3)(B)). The nonmoving party must also present a separate statement of additional facts that requires the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon to support the statement of additional facts. *See* N.D. Ill. L.R. 56.1(b)(3)(C); *see also Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643–44 (7th Cir. 2008). District courts, in their discretion, may ignore and not consider the additional facts that a litigant has proposed if the litigant failed to comply with Local Rule 56.1. *Cichon v. Coop. Plus, Inc.*, 401 F.3d 803, 809-10 (7th Cir. 2005) (citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995)). Additionally, uncontested material facts are deemed admitted. *Cracco*, 559 F.3d at 632; *see also Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir. 2013).

*Discussion*

Reyes filed along with his motion for summary judgment a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" (Dkt. 46), as required by Local Rule 56.2. That notice clearly explained the requirements of the local rules and warned Withrow that his failure to oppose

Reyes' numerated factual allegations and to provide evidence of his opposition would result in the Court deeming those unopposed facts admitted.

Withrow submitted a "local Rule 56.1(A)(3) statement of contested materials facts and supporting exhibits," but the document did not respond to each of Reyes' proposed uncontested material facts. Accordingly, Reyes' uncontested material facts are deemed admitted. *Cracco*, 559 F.3d at 632; *see also Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir. 2013). Withrow's statements appear to be additional facts that Withrow believes requires the denial of summary judgment. However, only paragraph 6 will be considered by the Court as it is supported by documents supporting the statement of additional fact as required under the Local Rule. Although *pro se* plaintiffs may receive some leniency, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

The Court now moves to the issue of whether Withrow exhausted his administrative remedies for his claim that his outgoing mail was improperly being routed to and screened by Reyes' office. Prisoners must exhaust all available administrative remedies before pursuing claims, including Section 1983 actions, in federal court. 42 U.S.C. § 1997e(a); *see also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). A prisoner must follow prison procedural rules in filing grievances in order to properly exhaust administrative remedies. *Turley*, 729 F.3d at 649; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The prisoner's grievance must include enough information to alert the prison officials of the wrong for which the prisoner seeks redress. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). It is Reyes' burden of proof to demonstrate that Withrow failed to exhaust his administrative remedies. *Turley*, 729 F.3d at 650.

Reyes has demonstrated that Withrow failed to exhaust his administrative remedies as to his claim that his outgoing mail was improperly being held and routed to Reyes' officer. Withrow did not submit a grievance as to the notice that he alleges required outgoing mail to be routed to Reyes'

4

office. The only grievance filed relating to Withrow's mail, was regarding a delay in his incoming mail, which is not part of Withrow's claims in this matter, and which was submitted in July 2013, before Withrow knew about the posted memo. This grievance did not include any complaints about any type of notice or concerns of issues with outgoing mail, thus the one grievance failed to give Reyes any notice of any complaints regarding the allegations in the present matter. *See Strong*, 297 F.3d at 650.

In his opposition to Reyes's motion for summary judgment, Withrow argues that he did not recall whether he filed a grievance as to the posted memo at his deposition and that he now does recall filing a grievance about the memo. (Dkt. 54-56.) However, Withrow's deposition testimony contradicts his recollection. While he first testified at his deposition that he was "not quite sure" if he filed a grievance regarding the memo (R. 44-2, line 2), Withrow immediately clarified that it was "safe to say that I did not write a grievance because to the same extent the memo would have been taken down" R. 44-2, lines 8-10. He then agreed, again, that he did not file a grievance regarding the memo because he was "afraid" the memo would be taken down. (R44-2, lines 11-21). Withrow cannot create an issue of fact with an affidavit that contradicts his sworn deposition testimony. *See e.g., Janky v. Lake Cnty. Convention & Visitors Bureau*, 576 F.3d 356, 362 (7th Cir. 2009).

Withrow further argues that many of his grievances were treated as requests, non-grievances, so there was no appeal process to follow. This argument is moot, because Withrow conceded that he did not file a grievance, thus, it could not have not been treated as a request, non-grievance.

Based on the above, the undisputed facts demonstrate that Withrow failed to exhaust his administrative remedies as to his only claim in this case, and therefore Reyes is entitled to summary judgment on this issue.

The Court declines to address Reyes' arguments regarding the merits of Withrow's claim and whether the lawsuit was frivolous because the Seventh Circuit has held that the issue of exhaustion

5

is a threshold matter and should be addressed before proceeding to any disposition on the merits. *See Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) (exhaustion is a threshold issue); *Pavey v. Conley*, 544 F.3d 739, 741-42 (7th Cir. 2008); *see also Wagoner v. Lemmon*, 778 F.3d 586, 591-92 (7th Cir. 2015).

Although the time for submitting a grievance has expired under CCJ's policies, the dismissal of Withrow's claim is without prejudice, as this Court does not rule on whether a state court would apply an exhaustion requirement similar to that of 42 U.S.C. § 1997e(a) with respect to Withrow's claims. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("all dismissals under § 1997e(a) should be without prejudice"). This Court's ruling does not preclude Withrow from pursuing any relief that may be available to him through state court. By operation of 42 U.S.C. § 1997e(a), Withrow has no further recourse in federal court and therefore, the dismissal without prejudice nevertheless constitutes a final appealable order. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (order dismissing Section 1983 claims for failure to exhaust administrative remedies is appealable where there are no further remedies that plaintiff can pursue); *Barnes v. Briley*, 420 F.3d 673, 676 (7th Cir. 2005) (same).

If Withrow wishes to appeal this decision granting summary judgment to Reyes, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Withrow plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he does choose to appeal, he will be responsible for the $505 appellate filing fee irrespective of the outcome of the appeal. *See Evans v. Ill. Dept. of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Withrow may also be assessed a "strike" under 28 U.S.C. § 1915(g). Withrow is advised that pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

*Conclusion*

For the foregoing reasons, Reyes' motion for summary judgment [43] is granted. Withrow's motion to deny or stay Reyes' motion [49] and Withrow's motion for an extension of time to receive facts from a third party and answer Reyes' motion for summary judgment [50], and motion to admit evidence the Plaintiff had been waiting on [60] are denied as any issues related to discovery and the memo pertinent to the merits of Plaintiff's claim are moot. This case is closed.

Dated: June 2, 2015

United States District Judge
Sharon Johnson Coleman